BAO, RESPONDENT, v. IRIZARRY ET AL., APPELLANTS.

APPEAL from the District Court of San Juan, Section 1.

No. 959.—Decided May 22, 1913.

PARTIES TO ACTIONS—DEATH OF PARTY—JOINT DEBTORS—PROCEEDINGS IN MUNICIPAL COURTS—APPEAL.—When in an action brought in a municipal court against two joint debtors one of them dies and an appeal is taken to the district court where the case is tried *de novo* and judgment is rendered in accordance with the pleadings and evidence, this court cannot inquire into the correctness of the proceedings had in the municipal court by reason of the death of one of the parties in an appeal from said judgment when, as in the present case, the heirs of the deceased are not parties to the appeal and the judgment of the district court is against the surviving debtor only.

PROMISSORY NOTE—JOINT DEBTOR—IGNORANCE.—When one of the joint drawers of a promissory note acknowledges his signature to be authentic, but says that he affixed the same in ignorance of the liability he was assuming, such statement alone is not sufficient to destroy the validity of the instrument.

The facts are stated in the opinion.
*Mr. Manuel F. Rossy* for Tulidania Cancel.
*Mr. José Martínez Dávila* for respondent.
MR. JUSTICE DEL TORO delivered the opinion of the court.
Manuel Bao filed a complaint in the Municipal Court of

Utuado against the spouses Herminio Irizarry and Tulidania Cancel, alleging:

1. That on June 12, 1913, the defendants made a promissory note in favor of the plaintiff, of which the following is a true copy:

"We promise to pay on the twelfth day of December of the present year to the order of Manuel Bao the sum of five hundred dollars for value received from said Bao to our entire satisfaction, and as security for our strict compliance with the terms of this note we pledge our properties and more particularly the houses belonging to us, Nos. 11 and 13 of General Maceo Street of this city. We solemnly affirm that the said properties are not encumbered by any liens and agree not to encumber the same in any manner whatsoever until we have fully satisfied this obligation, to the payment of which we jointly and severally bind ourselves. In witness whereof we sign this note in Utuado on June 12, 1908. (Signed) Herminio Irizarry. Tulidania Cancel. Witnesses: José Blanco, Macario Zapater."

II. That the said note having become due, the plaintiff on this date demanded payment thereof and said defendants replied that they could not pay because they had no resources for that purpose.

In their answer the defendants denied all the allegations of the complaint and alleged as new grounds of defense:

"1. That only the defendant Herminio Irizarry is indebted to the plaintiff and that his indebtedness does not amount to $500.

"2. That the promissory note referred to in the complaint was signed by the defendants, and especially by Tulidania Cancel, by mistake, inasmuch as the defendant Irizarry does not owe Bao $500 and the defendant Tulidania does not owe him a single cent as she never received any money from him.

"3. That the special encumbrance created on the houses Nos. 11 and 13 of General Maceo Street in Utuado by the document referred to in the complaint is likewise a mistake inasmuch as the plaintiff as well as the defendants are aware that the two houses are the lawful property of Francisco Cancel, who controls and manages them as the true owner thereof.

"4. That José Blanco and Macario Zapater, who appear to have signed the note referred to in the complaint as witnesses, did not so sign in the presence of the defendants."

By mutual agreement of the parties the case was transferred to the Municipal Court of San Juan and while the same was there pending the defendant Irizarry died. As a consequence of this, certain proceedings were had which it is not the province of this court to inquire into on this appeal. Finally the municipal court, on September 21, 1911, rendered judgment in favor of the plaintiff against the defendant Tulidania Cancel only, who was adjudged to pay the plaintiff the amount of $500 claimed, and the costs.

From this judgment of the municipal court the defendant, Tulidania Cancel, appealed to the District Court of San Juan where a trial *de novo* was had and the pleadings and evidence having been duly considered, judgment was rendered on Septembr 23, 1912, adjudging the defendant, Tulidania Cancel, to pay the plaintiff the $500 claimed, and the costs. In said judgment it was stated that Irizarry's heirs were not parties to the suit. From this judgment of the district court Tulidania Cancel appealed to this court.

The appellant claims that this court should investigate the proceedings had in the municipal court by reason of the death of defendant Irizarry, but we have stated that it is not our province to inquire into the correctness of said proceedings. Irizarry's heirs are not parties to this appeal nor does the judgment appealed from contain any pronunciamento against them. The plaintiff, as a matter of fact, abandoned his action against the heirs of Irizarry and continued it against the defendant Tulidania Cancel only. The latter appealed and obtained a complete reviewal of the case in the district court which based its judgment on the pleadings filed and the evidence introduced before it, and if these are sufficient to support its judgment, this court cannot reverse said

judgment on the ground of alleged errors of procedure in the municipal court.

This point being clear, we will see whether the pleadings and the evidence are or are not sufficient to support the judgment appealed from.

The complaint alleges the existence of the obligation and failure to discharge the same.

The action was brought at first by the creditor against the two persons who, according to the terms of the document included in the complaint, had made themselves joint debtors of the plaintiff and subsequently was continued against only one of the said joint debtors, proceeding according to section 1111 of the Revised Civil Code, which says:

"Section 1111.—A creditor may sue any of the joint debtors or all of them simultaneously. The actions instituted against one shall not be an obstacle for those that may be brought subsequently against the others, as long as it does not appear that the debt has been collected in full."

The plaintiff's evidence consisted of the testimony of the defendant, Tulidania Cancel, and of the plaintiff, Manuel Bao, and the original promissory note copied in the complaint. The defendant's evidence consisted of a notarial instrument executed December 10, 1908, referring to the ostensible sale of the same houses referred to in the promissory note.

In her testimony the defendant acknowledged her signature at the foot of the note to be authentic, saying that she affixed the same in ignorance of the liability she was assuming. Such a statement is not sufficient to destroy the validity of the instrument, and when we take into consideration besides the testimony of the plaintiff, which explains in detail the terms of the transaction, we must conclude that the trial court did not err in declaring the facts alleged in the complaint to have been proven.

In view of the foregoing the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.